**PAPER SYSTEMS INCORPORATED,**
**Plaintiff,**

**v.**

**MITSUBISHI CORPORATION, Mitsubishi International Corporation, Mitsubishi Paper Mills Ltd., Elof Hansson Paper & Board, Inc., Kanzaki Specialty Papers, New Oji Paper Co., Ltd., and Nippon Paper Industries Co., Ltd., Defendants.**

**GRAPHIC CONTROLS CORP., Plaintiff,**

**v.**

**MITSUBISHI CORPORATION, Mitsubishi International Corporation, Mitsubishi Paper Mills Ltd., Appleton Papers, Inc., Elof Hansson Paper & Board, Inc., Kanzaki Specialty Papers, Oji Paper Co., Ltd., and Nippon Paper Industries Co., Ltd., Defendants.**

**VICTOR PAPER ROLL PRODUCTS, INC., Plaintiff,**

**v.**

**MITSUBISHI CORPORATION, Mitsubishi International Corporation, Mitsubishi Paper Mills Ltd., Appleton Papers, Inc., Elof Hansson Paper & Board, Inc., Kanzaki Specialty Papers, New Oji Paper Co., Ltd., and Nippon Paper Industries Co., Ltd., Defendants.**

Nos. 96–C–959, 97–C–412, 97–C–508.

United States District Court,
E.D. Wisconsin.

Sept. 15, 1998.

& Berman, Philadelphia, PA, for Graphic Controls Corp.

Thomas M. Pyper, Whyte, Hirschboeck & Dudek, Madison, WI, Laurence Sorkin, Cahill, Gordin & Reindel, New York City, for Mitsubishi Corp./Mitsubishi Int'l Corp.

Jeffrey W. Kilduff, Richard G. Parker, O'Melveny & Myers, Washington, DC, David J. Cannon, Michael, Best & Friedrich, Milwaukee, WI, for Nippon Paper Industries Co., Ltd.

Richard E. Donovan, Mark S. Gregory, Kelley, Drye & Warren, New York City, Howard A. Pollack, Godfrey & Kahn, Milwaukee, WI, for Kanzaki Specialty Papers, Inc. and New Oji Paper Co., Ltd.

Jerold S. Solovy, Jenner & Block, Chicago, IL, Brian R. Smigelski, Friebert, Finerty & St. John, Milwaukee, WI, for Mitsubishi Paper Mills, Ltd.

Stanley M. Lipnick, Arnstein & Lehr, Chicago, IL, Frank W. Doster, Arnstein & Lehr, Milwaukee, WI, for Elof Hansson Paper & Board, Inc.

Glenn S. Leon, Simpson, Thacher & Bartlett, New York City, Thomas E. Brown, Kathryn Keppel, Gimbel, Reilly, Guerin and Brown, Milwaukee, WI, for Appleton Papers, Inc.

Beth J. Kushner, von Briesen, Purtell & Roper, Milwaukee, WI, Daniel A. Small, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Howard J. Sedran, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, Arthur N. Bailey, Arthur N. Bailey and Associates, Jamestown, NY, for Paper Systems Incorporated.

Robert B. Corris, Robert B. Corris, S.C., Milwaukee, WI, for Victor Paper Roll Products.

Robert L. Gegios, Beth J. Kushner, von Briesen, Purtell & Roper, Milwaukee, WI, Michael D. Hausfeld, Daniel A. Small, Victoria C. Arthaud, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Arthur N. Bailey, Arthur N. Bailey & Associates, Jamestown, NY, Howard J. Sedran, Levin, Fishbein, Sedran

## ORDER

ADELMAN, District Judge.

On June 8, 1998, Magistrate Judge Patricia J. Gorence issued a Recommendation to grant plaintiffs' motion for certification of a modified class in this consolidated action. Within the ten-day period prescribed in 28 U.S.C. § 636(b)(1)(C), lead counsel for all defendants filed objections to the Recommendation. In addition, defendants Appleton Papers, Inc. ("Appleton"), and Nippon Paper Industries Co. ("Nippon") filed legal memoranda in support of these objections and raising additional objections.

Appleton's brief was also in support of its appeal from the magistrate judge's decision to strike several letter briefs submitted by defendants Appleton and Elof Hansson Paper & Board Co. on May 20, 1998 and June 2,

1998, just prior to the filing of the Recommendation. Appleton argues *inter alia* that Magistrate Judge Gorence committed a legal error by failing to consider the letter briefs and attached exhibits in crafting her recommendation. The disputed letter briefs and exhibits are appended to Appleton's memorandum in support of its objections and its appeal, currently before this court.

Nippon's brief in support of its objections also discusses a number of issues apparently not raised before Magistrate Judge Gorence. Indeed, fully thirty pages of the 43–page memorandum address class certification requirements previously not contested or explicitly waived by defendants' prior stipulation.[1] (*See* Nippon's Br. at 13–43.) Attached to Nippon's brief is an appendix of 28 exhibits, including filings and trial testimony from a government prosecution of Nippon in Massachusetts federal court on charges of price-fixing. *See United States v. Nippon Paper Indus. Co.*, No. 95–10388–NG (D.Mass.1998). Many of the exhibits related to the Massachusetts case are contemporaneous trial transcripts from June 1998, dated *after* Magistrate Judge Gorence filed her recommendation. (*See* Nippon App., Exs. 5, 7, 9, 13, 15, 19, 25 & 26.) Clearly, these materials have never been reviewed by the magistrate judge.

In response to the briefing of Appleton and Nippon, plaintiffs Paper Systems, Inc., Graphic Control Corp. and Victor Paper Roll Products, Inc., (collectively "Paper Systems"), filed two response briefs pursuant to Fed.R.Civ.P. 72(b) and Local Rule 13.03(c). Plaintiffs also filed two affidavits of counsel, to which are appended yet more exhibits not seen or expressly reviewed by the magistrate judge on the motion for class certification. (*See* Kushner Affs., filed July 10 & 23, 1998.) Finally, both Appleton and Nippon filed reply memoranda in response to the materials submitted by Paper Systems.[2] Attached to

Nippon's 22–page reply brief, filed Aug. 7, 1998, is an 18–page expert report dated July 22, 1998, followed by a lengthy curriculum vitae and 27 related exhibits.

In short, the parties' post-Recommendation filings with this court in connection with class certification are voluminous. The parties, in particular the defendants, raise substantive issues and introduce exhibits never properly presented to Magistrate Judge Gorence. Specifically, despite the parties' prior agreement to narrow the dispute over class certification to the issue of numerosity and the practicability of joinder under Fed. R.Civ.P. 23(a)(1), *see supra* note 1, the defendants now overtly contest the typicality requirement under Rule 23(a)(3), the fairness and adequacy of representation under Rule 23(a)(4), and the predominance of common questions of law and fact under Rule 23(b)(3). None of these issues were fully argued by the parties during the initial briefing on class certification before District Judge John W. Reynolds last fall, or in the briefing before Magistrate Judge Gorence on plaintiffs' motion to certify a modified class in January and February 1998.

Without commenting on the persuasiveness or relevancy of defendants' new arguments and evidence or asking whether many of these issues could have been raised before the magistrate judge, I simply observe that the magistrate system established by the Federal Magistrates Act, 28 U.S.C. §§ 631–639, is designed to discourage precisely a situation like this—in which a district court acting upon a magistrate recommendation is obliged to consider reams of information never reviewed by the magistrate judge. *See generally Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir.1988).

The defendants correctly point out that a trial court in a class action has a continuing duty to ensure that class determi-

---

1. During discussions over a proposed scheduling order last September 1997, the defendants agreed to contest only numerosity and the practicability of joinder under Fed.R.Civ.P. 23(a)(1) and specifically agreed to drop any opposition to the fairness and adequacy of class representation under Rule 23(a)(4). (*See* Recommendation at 7; Pl.'s Resp. to Appleton at 4.)

2. While reply memoranda in support of objections to a magistrate judge's recommendation are not expressly provided for in federal or local rules, the general practice in this district and the inclination of this court is to accept such briefing.

nation and representation is adequate and proper at all times during the litigation. *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). That duty is not relieved by stipulations of parties. *See Briggs v. Anderson,* 796 F.2d 1009, 1017 n. 2 (8th Cir.1986). As a practical matter, class certification under Fed.R.Civ.P. 23 "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action," *General Tel. Co.* at 160, 102 S.Ct. 2364 (internal quotations marks omitted), and is therefore potentially affected by ongoing discovery in a case. Thus, "[e]ven after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Id.*

▮ Based on this principle and the undeniable fact that defendants' new legal arguments appear to rely on a body of evidence that did not exist when the Recommendation was issued, it is well within the prerogative of this court to undertake a de novo review of all the post-Recommendation filings in this matter, without the benefit of Magistrate Judge Gorence's appraisal. However, another option is also open to me, which is to recommit the class certification motion to the magistrate judge with instructions to consider all or some of the materials currently before the court. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b).

Under the circumstances, I choose to recommit this matter to Magistrate Judge Gorence with instructions to consider all the papers currently filed in connection with the motion for class certification.[3] Numerous courts have noted that the rationale behind the Federal Magistrates Act was to help district courts deal with a burgeoning workload. *See, e.g., Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co.,* 747 F.Supp. 1299, 1302–03 (S.D.Ill.1990). The magistrate system is based on this notion. As the First Circuit remarked:

> Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were

allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.

*Paterson–Leitch* at 991. Defendants' new objections are at least colorably premised on recently obtained evidence, and I am not suggesting any inappropriate strategic maneuvering. Nevertheless, it is fundamentally at odds with the policy behind the magistrate system for me to consider arguments and evidence not raised before the magistrate judge.

In this instance, I think it makes particular sense to have Magistrate Judge Gorence consider all the issues now in dispute before I pass on them. This case remains in discovery under the supervision of the magistrate judge. She is more familiar with the procedural history and current posture of the litigation and is thus in a better position to assess the "newness" of defendants' objections, if necessary, and the significance of anticipated filings related to class certification. *See supra* note 3.

Inasmuch as I am recommitting this to Magistrate Judge Gorence, I am instructing her to consider all currently filed papers connected to class certification, notwithstanding the previous stipulations of parties and including the letter briefs and affidavits filed by defendants on May 20, 1998 and June 2, 1998. I emphasize, however, that the magistrate judge committed no legal error in declining to consider defendants' belated filings. (*See* Appleton's Br. at 5–7.) Appleton cites a number of cases which establish that an initial class certification "is not cast in stone," *Eggleston v. Chicago Journeymen Plumbers' Union,* 657 F.2d 890, 896 (7th Cir.1981), and may be revisited *sua sponte* at any time prior to final judgment. Appleton translates this concededly true principle into a de facto waiver of pre-certification briefing

---

**3.** As I write this, defendants have informed me of their intention to file a motion for leave to supplement the class certification record with information obtained in ongoing depositions. Since I am recommitting this matter to the magistrate judge, the motion should be addressed to her.

schedules. The court's duty to continually assess the adequacy and propriety of class certification, *see General Tel. Co.* at 160, 102 S.Ct. 2364, does not obviate the litigant's burden to comply with federal and local court procedure. Particularly in a case of this complexity, the courts must be able to rely on the parties' scrupulous compliance with procedural rules. The magistrate judge was well within her discretion in striking the late filings. Her decision does not preclude her own or my reconsideration of certification in light of subsequent evidence; the case, it should be noted, is far from "final judgment." *Eggleston* at 896.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiffs' motion for certification of modified class is **RECOMMITTED** to Magistrate Judge Gorence, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), with instructions to reconsider her recommendation in light of all papers filed in connection with class certification as of the date of this order.

**IT IS FURTHER ORDERED** that Appleton's appeal from the magistrate's order granting plaintiffs' motion to strike is **DISMISSED** as **MOOT**; and Nippon's motion for leave to file a reply brief is also **DENIED** as **MOOT**.